Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000338
25-OCT-2012
10:07 AM

NO. CAAP-11-0000338

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LUIS GOMEZ-LOBATO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR NO. 10-1-279K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Luis Gomez-Lobato ("Gomez-Lobato")[1] appeals from the Judgment; Guilty Conviction and Sentence ("Judgment") filed on March 15, 2011, in the Family Court of the Third Circuit ("Family Court").[2] After a bench trial, the Family Court convicted Gomez-Lobato of one count of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes ("HRS") § 709-906 (Supp. 2011).[3] The Family Court sentenced Gomez-Lobato to two years of probation with special terms and conditions, including thirty days of incarceration, and suspended his term of incarceration for two years if certain conditions were met.

---

[1]    Throughout the record on appeal, the defendant is alternatively referred to as "Luis Gomez-Lobato," "Luis Gomez," and "Luis Gomes Lobato." In line with his designation in the Complaint and Judgment, we refer to him as "Gomez-Lobato."

[2]    The Honorable Joseph P. Florendo, Jr. issued the Judgment.

[3]    HRS § 709-906 provides in relevant part, "It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . ."  HAW. REV. STAT. § 709-906(1).

On appeal, Gomez-Lobato argues that (1) he did not validly waive his right to a jury trial, and (2) the Family Court erroneously imposed a sentence for uncharged conduct.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gomez-Lobato's points of error as follows:

(1) The Family Court did not err in concluding that Gomez-Lobato's jury-trial waiver was knowing, intelligent, and voluntary. Where the record indicates that a defendant voluntarily waived his right to a jury trial, the defendant "carries the burden of demonstrating by a preponderance of the evidence that [his] waiver was involuntary." *State v. Friedman*, 93 Hawai'i 63, 69, 996 P.2d 268, 274 (2000) (emphasis omitted).

Gomez-Lobato argues that the Family Court "never ascertained if [he] truly understood the waiver" where the court asked him only "yes or no" questions and that there was a language barrier. Gomez-Lobato posits that, at a minimum, the Family Court should have asked him "what the document in English he signed meant to him and have that response translated from Spanish into English[.]" Gomez-Lobato provides no authority to support the proposition that the court was prohibited from asking or needed to do more than ask him "yes or no" questions regarding his waiver, and, under the circumstances, we find none.

"[W]e review the validity of a defendant's waiver of his/her right to a jury trial under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." *Id.* at 70, 996 P.2d at 275 (emphasis omitted). While the record shows that a language barrier existed, it also plainly demonstrates that Gomez-Lobato had the assistance of an interpreter. Court was recessed so that the interpreter could review the waiver form with Gomez-Lobato, and when court reconvened, Gomez-Lobato's counsel stated that Gomez-Lobato had reviewed the form. The Family Court asked Gomez-Lobato in open court if he understood what he was doing and what he was signing when he put his

initials and signature on the waiver form, whether it was explained to him in Spanish, and whether he discussed it with his attorney. Gomez-Lobato responded "Yes" to all questions.

Gomez-Lobato failed to demonstrate by a preponderance of the evidence that his waiver was involuntary.[4] Under the totality of the circumstances, Gomez-Lobato's jury-trial waiver was knowing and voluntary.

(2) There is no evidence in the record on appeal that the Family Court sentenced Gomez-Lobato for attempted murder or accused him of committing that offense. In explaining the sentence that it was imposing, the court noted that Gomez-Lobato's conduct could have formed the basis of an attempted murder charge to emphasize the seriousness of his offense, which the court is required to consider in fashioning a sentence. HAW. REV. STAT. § 706-606(2) (1993) ("The court, in determining the particular sentence to be imposed, shall consider . . . [t]he need for the sentence imposed . . . [t]o reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense . . . .").

The Family Court's determination of a sentence is reviewed for abuse of discretion. *State v. Gaylord*, 78 Hawaiʻi 127, 143-44, 890 P.2d 1167, 1183-84 (1995). Contrary to the cases offered by Gomez-Lobato in support, the Family Court here did not base its sentence on its belief that Gomez-Lobato's conduct constituted attempted murder. Therefore, the Family Court did not abuse its discretion in sentencing Gomez-Lobato.

---

[4] Gomez-Lobato signed the jury-waiver form before the State amended its complaint to alter the date of the alleged offense. Gomez-Lobato, however, did not thereafter re-sign or affirm his waiver. Although Gomez-Lobato notes the "importance" of the sequence of events, he does not explain the significance or argue that his waiver was invalid as a result. Even if we consider the point to have been raised, a point not argued may be deemed waived. Haw. R. App. P. 28(b)(7).

Therefore,

IT IS HEREBY ORDERED THAT the Judgment; Guilty Conviction and Sentence filed on March 15, 2011, in the Family Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawai'i, October 25, 2012.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge